UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Col. (Ret'd) George Lakner, M.D.          :
    45 L St., NW
    Washington, D.C. 20024
        Plaintiff             :   Case No: 19-cv-00991
      v.
Mark T. Esper, Secretary of the Army     :
    101 Army Pentagon
    Washington, D.C. 20310
        Defendant           :

**Complaint**
**(Administrative Procedure Act, 5 U.S.C. § 702)**

Plaintiff, by counsel, seeks review of the Army Board of Correction of Military Records' ("ABCMR" or "Board") refusal to honor a Nov. 7, 2017, decision of the Hon. Francine C. Blackmon. She is the Deputy Assistant Secretary of the Army and the Director of the Army Review Boards Agency ("ARBA").

**Parties**

1. Plaintiff George Lakner, M.D, resides at 45 L St., NW, Washington, D.C. 20024. He is seventy-nine years old. He served on active duty or as a national guard reservist in the United States Army from 1976 to 2006, when he retired as a colonel.

2. Defendant, the Honorable Mark T. Esper, is sued in his official capacity as the Secretary of the Army. Acting through the ABCMR, he is authorized to correct any Army military record when he "considers it necessary to correct an error or remove an injustice." 10 U.S.C. § 1552(a)(1).

**Jurisdiction and Venue**

3. This Court's jurisdiction is invoked under the Administrative Procedure Act, 5 U.S.C. § 702 *et seq*. Venue is proper under 28 U.S.C. § 1391(b)(1), (2).  Defendant resides in

this District and a substantial part of the events or omissions giving rise to the claim occurred herein.

**Statement of the Case**

4. Plaintiff is a physician who specialized in Preventive Medicine and in Psychiatry. He served with the military during its mission in Kosovo. In 2004 Plaintiff made an internal report of perceived deficiencies in health care resource allocation relating to an uptick in combat zone suicides. The inspector general upheld his complaint. Shortly afterwards, the Army Medical Command moved to end Plaintiff's stay in the theater of operations. Plaintiff then complained under Article 138 of the Uniform Code of Military Justice that the Command had retaliated against him for seeking the Inspector General's intercession, was still turning a blind eye towards substandard care and was misclassifying apparent suicides as "accidents."

5. Through an Application for Relief ("Application") filed before the Board in 2015, Plaintiff contended that almost immediately after he filed his Article 138 complaint, his commanding officers had convened a credentialing privileges hearing in Germany over whether he had submitted false letters of support incident to the Article 138 complaint. The hearing led to the military's revocation of Plaintiff's clinical privileges and corresponding adverse submission to the National Practitioner Data Bank ("NPDB"), which potential employers and state medical boards consult in evaluating licensing applications.  Plaintiff alleged he had been given but twelve days' notice of the hearing, was provided inadequate discovery and time to prepare, and was denied cross-examination of the two witnesses against him – indeed the Army spirited them out of Europe.

6. Plaintiff advised the Board that in 2013 he had fortuitously located one of those two witnesses, who provided an affidavit that the Command and the credentialing committee had

mischaracterized his statement that was used against Plaintiff. Although the Board denied relief, the Assistant Secretary of the Army responsible for review ordered that reconsideration be taken to correct Plaintiff's records. The military has proved unwilling to implement her decision.

## Factual Allegations

7. Plaintiff graduated from Semmelweis University's School of Medicine in Budapest, Hungary. He developed expertise in preventive medicine and psychiatry as a teacher and researcher at the National Institutes of Health, Columbia, Harvard, and Yale. While at Yale, he was recruited to the Connecticut National Guard in 1976 and served as Chief of Professional Services. In March 1981, Plaintiff transferred to the Army Reserves. After serving on active or reserve duty for 25 years, he retired and was honorably discharged in March 2006.

8. About November 11, 2015, Plaintiff filed Application for relief with the Board. He charged, in pertinent part, as follows:

(a) Plaintiff was deployed in 2004 to command a Mental Health Task Force in Kosovo serving the U.S.-NATO Peacekeeping Mission in former Yugoslavia. Shortly afterwards, the Army Medical Command disbanded the Task Force over Plaintiff's objection. Disputes then arose between Plaintiff's command structure and the general Medical Command over his stated concerns with mental health resources under-allocation and whether deaths within the Task Force's geographic area of operations were suicides rather than "accidents." After a commander of a co-located health clinic remonstrated with Plaintiff over those issues, he successfully filed with the Army Inspector General a complaint about that commander's actions.

(b) About October 16, 2004, with the assistance of military counsel, Plaintiff filed an Article 138 complaint. He asserted that senior officers within the Medical

Command, including Brigadier General Carla Hawley-Bowland, the overseas medical commanding general who was stationed in Germany, were tolerating continued deficiencies in medical care. Through military counsel, Plaintiff enclosed supporting letters from six colleagues, whose personal identifiers were redacted by counsel due to concerns of retaliation by the Command.

(c) About November 8, 2004, following a "confidential guidance referral" from Col. Doreen Lounsbery, then-Chief of Credentialing at the Medical Command Headquarters, Plaintiff was referred to a credentialing committee in Germany. That committee was under the supervision of General Hawley-Bowland and was convened to examine claims of non-patient care misconduct by Plaintiff. He contended that the referral and subsequent charges of misconduct flowed from an unauthorized search of his quarters. That search, Plaintiff further claimed, had yielded original unredacted letters of support from Col. David Meyer, M.D., and a noncommissioned officer – two of the six persons whose redacted letters had accompanied Plaintiff's Article 138 complaint. Plaintiff argued that the Command had pressured these men to suggest that he had fabricated Col. Meyers's letter and had coerced the noncommissioned officer to provide his letter of support.

(d) About January 6, 2005, the Command informed Plaintiff that twelve days later a Credentialing Committee would hold a hearing in Germany into those claims. Plaintiff's military counsel's requests for an extension of time to prepare and for access to the full investigative files were rejected. Meanwhile, Plaintiff was informed that Col. Meyer and the noncommissioned officer were sent back to the United States on never-explained "compassionate leave." They were neither

presented at the hearing nor made available for cross-examination, Plaintiff's objections notwithstanding.

9. Plaintiff's Application also alleged that the Credentialing Committee upheld the charges on the day of the hearing and recommended that his clinical privileges be revoked. In November 2005, he further claimed, Brigadier General Hawley-Bowland accepted the Committee's recommendation. Plaintiff contended that he had internally appealed but in March 2006, the Army Medical Command Medical Appeals Board recommended that the Office of the Surgeon General ("OTSG") uphold the revocation. That May, OTSG wrote him that "[u]nder the provisions of Army Regulation 40-68, this is the final action in the appeals process. This action will be reported to the [NPDB]." The Army reported that Plaintiff's privileges were revoked "for falsifying a letter of recommendation from a peer physician and coercing an enlisted soldier to write a letter of recommendation that was subsequently used in an official government complaint."

10. Plaintiff's Application also submitted that in October 2013 he had located Col. Meyer, who provided an affidavit refuting any allegation that Plaintiff had falsified or altered his (Meyers's) letter. Instead, Col. Meyer swore that the letter in question "was written on a word processor by me with input from Dr. Lakner. The contents of the letter pertaining to Dr. Lakner were not edited or altered after I had signed it."  However, Plaintiff claimed, Col. Kimberly Kesling—the Deputy to Col. Lounsbery, who had recommended convening the credentialing committee—dismissed the Meyer affidavit as inconsequential.

11. In October 2017, after Plaintiff's Application had languished for almost two years, prior counsel for Plaintiff wrote the Acting Secretary of the Army and protested the delay.

12. On Nov. 7, 2017, Assistant Secretary of the Army Francine Blackmon issued an internal decision that notwithstanding the Board's recommended denial of Plaintiff's Application—a fact of which Plaintiff was unaware—she had "reviewed the findings, conclusions and Board member recommendations." She directed that all records in the case be sent to OTSG" and that "necessary administrative action be taken to effect the correction of [Plaintiff's] records as indicated no later than 7 March 2018."

13. On Nov. 27, 2017, Board Director Dennis Dingle revealed in a letter to the Plaintiff and his prior counsel that Ms. Blackmon had reversed the Board's denial of Plaintiff's Application.  He wrote: "The Army Board for Correction of Military Records Board members unanimously recommended denied [*sic*] of your request…. However, after reviewing the finding, conclusions, and the Board member recommendations, the Deputy Asst. Secretary of the Army (Review Boards) found there is sufficient evidence to grant relief." His letter also stated that the "approved Record of Proceedings has been forwarded to the [Army] Office of the Surgeon General."

14. The foregoing notwithstanding, by letter dated Feb. 21, 2018, Col. Bonnie H. Hartstein, Colonel Lounsbery's successor as Director of the Clinical Performance Assurance Directorate at the U.S. Army Medical Command, Fort Sam Houston, Texas, wrote Plaintiff that "The U.S. Army Surgeon General determined that the privilege revocation remains valid and the related NPDB is accurate."  No grounds or reasons were stated for the OTSG's action, which effectively usurped Assistant Secretary Blackmon's decision, as well as a December 4, 2017, communication from a retired brigadier general, who had once commanded Plaintiff, and wrote that the committee's actions were non-compliant with accepted procedures followed by the United States Army Medical Department.

15. Subsequent written communications by former counsel with the Department of the Army have proved fruitless.

## Count I
(Review under the Administrative Procedure Act, 5 U.S.C. § 706(1))

16. Plaintiff realleges Paragraphs 1-15 as if set forth herein.

17. Defendant has unlawfully withheld and/or unreasonably delayed implementing the decision of Deputy Assistant Secretary Blackmon. It has failed to correct Plaintiff's records.

## Count II
(Review under the Administrative Procedure Act, 5 U.S.C. § 706(2)(A), (D))
(Alternate Count)

18. Plaintiff realleges Paragraphs 1-15 as if set forth herein.

19. The ABCMR failed to uphold its duty under 10 U.S.C.§ 1552 by failing to address in any meaningful way Plaintiff's claims. Among other things, by virtue of the allegations set forth in Paragraphs 6 through 15, above, it failed to address his claims that his rights to notice, a reasonable opportunity to defend, and to confront the two purported witnesses against him were materially compromised. It also failed to respond to evidence which he propounded that the decision to revoke his credentialing privileges either misconstrued or misunderstood the claims purportedly made against him by at least one of those witnesses. It overlooked his claims that the credentialing proceeding and the Army's subsequent actions to affirm its findings were tainted by a retaliatory animus for his exercise of his rights to seek redress of pursuant to a complaint to the Inspector General and a subsequent Article 138 complaint. Lastly, it has overlooked or disregarded the directive of Assistant Secretary Blackmon.

20. The foregoing actions have been arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and without observance of procedure required by law.

**Relief Requested**

Plaintiff demands relief as follows:

A. An order enforcing the decision of Assistant Secretary Blackmon and compelling Defendant forthwith to cause Plaintiff's records within the Command to be corrected and to provide notice of the correction of his disciplinary report to be sent to the NPDB, the Federation of State Medical Boards, and all states of licensure.

B. In the alternative, a declaration that Defendant's causing Plaintiff's disciplinary record to be included in his personnel record within the Command and reported to the NPDB was arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law, as well as without observance of procedure required by law, and compelling Defendant forthwith to cause Plaintiff's personnel, credentialing and privileging record within the Command to be corrected, and to provide notice of the correction of his disciplinary report to be sent to the NPDB, the Federation of State Medical Boards, and all states of licensure.

C. An order requiring that all references to the underlying Credentialing Decision be expunged from Plaintiff's Official Military Personnel File maintained by the Army Human Resources Command, as well as the Clinical Performance Assurance Directorate at the U.S. Army Medical Command, Fort Sam Houston, Texas.

D. An order awarding Plaintiff his reasonable attorney's fees and expenses, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

E.  Such other and further relief as the Court deems equitable.

Dated: April 9, 2019                     Respectfully submitted,

/s/ Stephen C. Leckar
Stephen C. Leckar, No. 281691
Evan Lisull, No. 1023596
Kalbian Hagerty LLP
888 17th Street, NW, 10th Floor
Washington, DC 20006
(202) 223-5600/(202) 223-6625 (FAX)
sleckar@kalbianhagerty.com

*Attorneys for Col. (Ret'd) George Lakner*